LAUREL I. HANDLEY (NV Bar # 009576)
JORY C. GARABEDIAN (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (702) 685-6342
E-Mail: lhandley@aldridgepite.com

Attorneys for Defendant
WELLS FARGO BANK, NATIONAL ASSOCIATION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LAFAYETTE, | Case No. 2:16-CV-00023-RFB-NJK |
| Plaintiff, | |
| vs. | **JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| WELLS FARGO BANK, NATIONAL ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION, | **\*SPECIAL SCHEDULING REVIEW REQUESTED\*** |
| Defendants. | |

Defendant WELLS FARGO BANK, N.A. "Wells Fargo") and Plaintiff ROBERT LAFAYETTE ("Plaintiff' and collectively the "Parties"), hereby submit the instant Joint Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f), LR 22-1, and LR 26-1.

Both Wells Fargo and Plaintiff agree that discovery and other case management deadlines should be stayed pending a decision on Well Fargo's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 5). The Motion to Dismiss seeks to dismiss the case in its entirety. A court should consider the goals of Fed. R. Civ. P. 1 when evaluating requests to stay discovery. *First American Title Insurance Company, v. Commerce Associates, LLC*, 2015 WL 7188387 (D. Nev. 2015). Fed. R. Civ. P. 1 requires the Federal Rules of Civil Procedure to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." It is well known that discovery is expensive and time consuming. Trial courts should resolve civil

matters fairly, but without undue expense. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). Fed. R. Civ. P. 26(B)(2)(iii) echoes this directive by instructing courts to balance the expense of discovery against its likely benefit.

The purpose of a 12(b)(6) motion is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Wells Fargo has filed such a motion in this case and it believes it will be successful in dismissing this case based on the arguments within the Motion to Dismiss.

Plaintiff of course has opposed the Motion to Dismiss and disagrees with Wells Fargo's arguments therein. However, both Plaintiff and Wells Fargo are equally concerned with embarking upon and subjecting themselves to the time and expense of discovery, which may turn out to be futile should the Court ultimately decide to grant the Motion to Dismiss.

Ultimately, both Plaintiff and Wells Fargo propose that the Court stay discovery and the related case management deadlines until a decision is made on the pending Motion to Dismiss. In the event the Motion to Dismiss is denied, Plaintiff and Wells Fargo agree to conference again and submit an amended or supplemental discovery plan and scheduling order within 30 days of any denial order. Based upon the foregoing, Plaintiff and Wells Fargo submit the following discovery plan and scheduling order:

**FED R. CIV. P. 26(f)(3):**

**(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties agree initial disclosures should be stayed pending a decision on Wells Fargo's Motion to Dismiss.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties agree that discovery should be stayed pending a decision on Wells Fargo's

Motion to Dismiss.

    **(C)** **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

    The Parties agree that any resolution of these issues should be stayed pending a decision on Wells Fargo's Motion to Dismiss.

    **(D)** **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

    The Parties agree that any resolution of these issues should be stayed pending a decision on Wells Fargo's Motion to Dismiss.

    **(E)** **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

    The Parties agree that discovery should be stayed pending a decision on Wells Fargo's Motion to Dismiss.

    **(F)** **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b).**

    The Parties agree that discovery should be stayed pending a decision on Wells Fargo's Motion to Dismiss.

## **LR 26-1(b)**

    The Parties agree to the following deadlines and requirements pursuant to LR 26-1(b).  A Special Scheduling Review is requested because this Discovery Plan and Scheduling Order seeks to stay discovery and any case management deadlines.  No hearing is requested by the Parties unless the Court otherwise believes it would be helpful.

    **(1)  Discovery Cut-Off Date.**

    Stayed pending a decision on Wells Fargo's Motion to Dismiss.

    **(2) Deadline to Amend Pleadings and Add Parties.**

    Stayed pending a decision on Wells Fargo's Motion to Dismiss.

1      **(3) Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).**

2          Stayed pending a decision on Wells Fargo's Motion to Dismiss.

3      **(4) Dispositive Motions Deadline.**

4          Stayed pending a decision on Wells Fargo's Motion to Dismiss.

5      **(5) Pretrial Order.**

6          Stayed pending a decision on Wells Fargo's Motion to Dismiss.

7      **(6) Fed. R. Civ. P. 26(a)(3) Disclosures.**

8          Stayed pending a decision on Wells Fargo's Motion to Dismiss.

9      **(7) Alternative Dispute Resolution.**

10         Stayed pending a decision on Wells Fargo's Motion to Dismiss.

11     **(8) Alternative Forms of Case Disposition.**

12         Stayed pending a decision on Wells Fargo's Motion to Dismiss.

13     **(9) Electronic Evidence.**

14         Stayed pending a decision on Wells Fargo's Motion to Dismiss.

15         DATED this 23<u>rd</u> day of June, 2016.

16     ALDRIDGE PITE, LLP

17

18     */s/ Jory C. Garabedian*                      */s/ Robert Lafayette*
       _____                  _____
19     JORY C. GARABEDIAN                            ROBERT LAFAYETTE
       *Attorneys for Defendant*                     *Plaintiff, pro se*
20     *WELLS FARGO BANK, N.A.*
       *ASSOCIATION*

21

22

23                                                   **IT IS SO ORDERED:**

24                                                   _____
25                                                   U.S. MAGISTRATE JUDGE

26                                                   DATED:_____

27     _____

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare:  I am, and was at the time of service of the papers herein referred to, over the age of 18 years, and not a party to this action.  My business address is 520 South Fourth Street, Suite 360, Las Vegas, Nevada 89101.

I certify that on June 23, 2016, I served the above-described documents by U.S. Mail on the following, who are not registered participants of the CM/ECF System:

Robert Lafayette
9578 Adobe Arch Court
Las Vegas, NV 89148


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2016, at Las Vegas, Nevada.

*/s/ Linda Susan Roth*

_____
LINDA SUSAN ROTH