LAUREL I. HANDLEY (NV Bar # 009576)
JORY C. GARABEDIAN (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (858) 750-7600
Facsimile: (702) 685-6342
E-Mail: lhandley@aldridgepite.com

Attorneys for Defendant
WELLS FARGO BANK, NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LAFAYETTE,<br><br>         Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; NATIONAL DEFAULT SERVICING CORPORATION,<br><br>         Defendants. | Case No. 2:16-CV-00023-RFB-NJK<br><br>**JOINT MOTION TO STAY DISCOVERY** |

Defendant WELLS FARGO BANK, N.A. "Wells Fargo") and Plaintiff ROBERT LAFAYETTE ("Plaintiff" and collectively the "Parties"), hereby submit the instant Joint Motion to Stay Discovery pursuant to this Court's Order (Dkt. 19).

Both Wells Fargo and Plaintiff agree that discovery and other case management deadlines should be stayed pending a decision on Well Fargo's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 5). The Motion to Dismiss seeks to dismiss the case in its entirety. (See Dkt. 5). It further has been fully briefed and is awaiting a decision.

A court should consider the goals of Fed. R. Civ. P. 1 when evaluating requests to stay discovery. *First American Title Insurance Company, v. Commerce Associates, LLC*, 2015 WL 7188387 (D. Nev. 2015). Fed. R. Civ. P. 1 requires the Federal Rules of Civil Procedure to "be construed and administered to secure the just, speedy, and inexpensive determination of every

action." It is well known that discovery is expensive and time consuming. Trial courts should resolve civil matters fairly, but without undue expense. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). Fed. R. Civ. P. 26(B)(2)(iii) echoes this directive by instructing courts to balance the expense of discovery against its likely benefit. Within this District, Courts look at the following three requirements when granting stay of discovery: "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group, LLC v. Green,* 294 F.R.D. 579, 581 (D. Nev. 2013).

The first requirement is easily satisfied as the pending Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the entire case. Likewise the second requirement is easily satisfied as Rule 12(b)(6) motions test the sufficiency of the pleadings to establish a claim rather than whether a plaintiff can find evidence to support the pleadings. *See Kor Media Group*, at 582, citing *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007).

The final – "preliminary peek" - requirement is also satisfied. The purpose of the "preliminary peek" is to evaluate the propriety of a stay of discovery with the goal of accomplishing Fed. R. Civ. P. 1's objectives, but the goal is not to prejudge the outcome of the dispositive motion. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 603 (D. Nev. 2011). Ultimately the Court must decide whether it is more just to speed the parties along in discovery while a dispositive motion is pending, or whether it is more just to delay discovery to accomplish an inexpensive determination of the case. *Id.* Further, the Court should be mindful that the purpose of a 12(b)(6) motion is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

/./././
/./././
/./././

1   Of course Wells Fargo believes it has strong chance in successfully dismissing this case
2   based on the arguments within the Motion to Dismiss. Plaintiff's Complaint asserts Fair Debt
3   Collection Practices Act violations against Wells Fargo. Wells Fargo contends that such claims
4   fail because Plaintiff's previously invoked remedies under the Bankruptcy Code including
5   obtaining a discharge of the secured loan or debt at issue in this case and later unsuccessfully
6   seeking discharge violations against Wells Fargo in Bankruptcy Court. Particularly Wells Fargo
7   relies heavily on the Ninth Circuit decision *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504
8   (9th Cir. 2002) for the proposition that a discharged debtor cannot pursue both violations under
9   the FDCPA and violations of the discharge injunction under the Bankruptcy Code. In the
10  alternative, Wells Fargo also contends that Plaintiff's FDCPA claims fail because: (1) Wells
11  Fargo is a creditor, and not a debt collector covered under the FDCPA , since it obtained the loan
12  or debt through merging with the originating creditor and even prior to default; (2) the prevailing
13  view of the various districts within the Ninth Circuit is that foreclosure is not a debt collecting
14  activity; and (3) the letters attached to Plaintiff's Complaint that he contends are FDCPA
15  violations are merely informational rather than attempts to collect on the discharged loan or debt.

16  Plaintiff of course has opposed the Motion to Dismiss. He disagrees with Wells Fargo's
17  arguments and contends that he has stated viable FDCPA claims within the Complaint.
18  However, both Plaintiff and Wells Fargo are equally concerned with embarking upon and
19  subjecting themselves to the time and expense of discovery, which would be futile should the
20  Court grant the Motion to Dismiss. The Court should therefore delay discovery while a more
21  inexpensive resolution option remains pending before the Court.

22  Based upon the foregoing, both Plaintiff and Wells Fargo request that the Court stay
23  discovery and the related case management deadlines until a decision is made on the pending
24  Motion to Dismiss. In the event the Motion to Dismiss is denied, Plaintiff and Wells Fargo agree
25  /././
26  /././
27  /././

1 to conference again and submit an amended or supplemental discovery plan and scheduling
2 order within 30 days of any denial order.
3      DATED this 29<u>th</u> day of June, 2016.
4 ALDRIDGE PITE, LLP

6 */s/ Jory C. Garabedian*       */s/ Robert Lafayette*

7 JORY C. GARABEDIAN       ROBERT LAFAYETTE
*Attorneys for Defendant*       *Plaintiff, pro se*
*WELLS FARGO BANK, N.A.*
8 *ASSOCIATION*